UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CURTISA HENRY,

Plaintiff,

v.

CITY OF SAN PABLO, et al.,

Defendants.

Case No. 26-cv-06886-JCS

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED IN PART PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

## I. INTRODUCTION

Plaintiff, who is not represented by counsel, applied to proceed in forma pauperis and the Court granted her application. *See* Dkt. No. 5. The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because some of Plaintiff's claims appear to be insufficiently alleged, as set forth below, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed in part.[1] Plaintiff may file either an amended complaint or a response to this order addressing why her complaint is sufficient, no later than **October 21, 2026**. The Case Management Conference set for **October 7, 2026** is vacated.

## II. ALLEGATIONS OF THE COMPLAINT[2]

Plaintiff alleges that on July 3, 2024, at 2:25 a.m. she was pulled over by three Hercules Police Department patrol cars and was informed by one of the officers that her car had been

[1] The findings and legal conclusions set forth herein are without prejudice to any challenges to the pleadings Defendants may seek to assert under Rule 12(b) of the Federal Rules of Civil Procedure.
[2] Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Plaintiff's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case.

United States District Court
Northern District of California

involved in a carjacking. Compl. ¶ 15. She told the officers that the car was a rental car and she knew nothing about a carjacking. *Id.* Another officer ordered Plaintiff out of the car and when she reached for her purse he grabbed her by the arm and pulled her out of the car, handcuffing her with her arms behind her back and placing her in a patrol car. *Id.*

After approximately 30 minutes in the squad car, Plaintiff was told she would be allowed to leave and her handcuffs were removed. *Id.* ¶ 16. Plaintiff told the officers she wanted to remove her possessions from her car (purse, car keys, cell phone and jacket) and approached the car, at which point Officer Jose Torres, a police officer employed by the City of San Pablo, without warning, slammed the car door and "grabbed and yanked Plaintiff back from the car" and threw her "to the pavement face down." *Id.* ¶¶ 10, 16. He then pulled her right arm behind her back "until Plaintiff's right hand was between [her] shoulders" and put his knee on her neck so that she had difficulty breathing. *Id.* Plaintiff told him she was having trouble breathing and Officer Torres responded, "You're talking therefore you must be able to breathe." *Id.* ¶ 16. Plaintiff "struggled and was able to twist around so that she was on her back[,]" but as she did so Officer Torres maintained pressure on Plaintiff's arm, which caused her right shoulder to "pop out." *Id.* He continued to "put his weight on the front of Plaintiff's body causing extreme pain." *Id.* While this occurred, at least ten police officers watched but did nothing. *Id.* Then two other police officers pulled Plaintiff away from Officer Torres causing further pain. *Id.*

Another police officer then told Plaintiff she was under arrest and she was placed in a police car and taken to Contra Costa County Jail, in Martinez, California ("Martinez jail"). *Id.*¶ 17. Plaintiff alleges that she "immediately" informed Officer Torres and the Doe deputies that she was "suffering severe, serious and disabling physical pain and emotional distress because of the assault" and that "her shoulder was not functioning properly" but that they "refused to provide Plaintiff with any form of medical assistance or care." *Id.* ¶ 34. Likewise, at the Martinez jail, Plaintiff told a nurse about her shoulder pain but while the nurse gave her some "pain pills" she told Plaintiff she could not be seen by a doctor there and that she would be transferred to the West County Detention Facility, in Richmond, California. *Id.* ¶ 17.

Plaintiff was transferred to the West County Detention Facility, where she continued to

complain of severe pain and to ask to see a doctor, reporting that her right shoulder was "popping out." *Id.* ¶ 18. She alleges that she was denied medical care until July 5, 2024, when she finally saw a doctor, who told Plaintiff she needed to have x-rays taken of her shoulder. *Id.* However, Defendants refused to take her to get x-rays. *Id.* On July 8, 2024, Plaintiff was released without bail and no criminal charges were filed against her. *Id.* ¶ 19.

Plaintiff asserts the following claims in her complaint: 1) Unreasonable Search and Seizure – Detention and Arrest under 42 U.S.C. § 1983 and the Fourth Amendment against Officer Torres and the two officers who told Plaintiff she was being arrested, sued as Doe defendants (Claim One); 2) Unreasonable Search and Seizure – Excessive Force under 42 U.S.C. § 1983 and the Fourth Amendment against Officer Torres and the officers who were present and either participated or failed to intervene (Claim Two); 3) Unreasonable Search and Seizure – Denial of Medical Care under 42 U.S.C. § 1983 against Officer Torres and Doe defendants who failed to call for medical help or to provide medical attention despite Plaintiff's repeated requests for care (Claim Three); 4) Violation of Substantive Due Process under the Fourteenth Amendment and 42 U.S.C. § 1983 against Officer Torres and "Doe deputies" (Claim Four); 5) Violation of California Civil Code section 52.1 (Bane Act) against Officer Torres, the Doe defendants, the City of San Pablo, the City of Hercules and the County of Contra Costa (Claim Five).

## III. ANALYSIS

### A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir.

2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B. Sufficiency of Plaintiff's Claims**

**1. Section 1983 Claims**

a. Legal Standards

Section 1983 provides that "[e]very person who, under color of any state statute" deprives a U.S. citizen or person within the jurisdiction of the United States of "any rights, privileges, or

United States District Court
Northern District of California

immunities secured by the Constitution and laws" is "liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

"Even though Congress provided no federal statute of limitations for claims brought under 42 U.S.C. § 1983, the Supreme Court has held that because § 1983 actions are best characterized as actions for injuries to personal rights, courts should borrow the state statute of limitations that applies to personal injury actions." *McDougal v. Cty. of Imperial*, 942 F.2d 668, 672 (9th Cir. 1991). In California, the relevant limitations period is two years pursuant to Cal. Civ. Proc. Code section 335.1. In addition, federal courts apply the forum state's law with regard to tolling of the limitations period, except to the extent such laws are inconsistent with federal law. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

"Although California law determines the *length* of the limitations period, federal law determines when a civil rights claim accrues." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (emphasis in original) (citing *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (quoting *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000))). "Accrual is the date on which the statute of limitations begins to run; under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.' " *Id.* (citation and internal quotation omitted). For the purposes of determining when a Section 1983 claim accrued, "the relevant injury is the constitutional injury." *Payne v. Arpaio*, No. CV09-1195-PHX-NVW, 2009 WL 3756679, at *7 (D. Ariz. Nov. 4, 2009).

b. Claim One

In Claim One, Plaintiff asserts a false arrest claim against Officer Torres and the two Doe deputies who participated in her arrest under the Fourth Amendment. "[A]n arrest without probable cause violates the [F]ourth [A]mendment and gives rise to a claim for damages under § 1983." *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988). "[P]robable cause exists when, under the totality of the circumstances known to the officers at the time of the arrest, there is a 'fair probability or substantial chance of criminal activity.' " *Penrod v. City of Murrieta*, No.

CV1702116MWFSPX, 2018 WL 6112631, at *3 (C.D. Cal. Feb. 26, 2018) (quoting *Lacey v. Maricopa Cty*., 693 F.3d 896, 918 (9th Cir. 2012) (en banc) (quoting *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004))). Here, the allegations in the complaint are sufficient to raise a plausible inference that Officer Torres and the two Doe defendants lacked probable cause to arrest Plaintiff as she has alleged that she told the officers at the scene that the car she was driving was a rental car and she knew nothing about a carjacking; and other officers had already removed her handcuffs and told her she was free to leave. Therefore, she has adequately alleged that her arrest was unlawful under the Fourth Amendment.

The Court also must address the timeliness of the claim, however, as Plaintiff filed her complaint in this action on July 6, 2026, more than two years after her arrest, on July 3, 2024. The Supreme Court has held that "[t]he running of the statute of limitations on false imprisonment is subject to a distinctive rule—dictated, perhaps, by the reality that the victim may not be able to sue while he is still imprisoned: 'Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends.'" *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (quoting 2 H. Wood, Limitation of Actions § 187d(4), p. 878 (rev. 4th ed.1916)). Because false arrest is a "species" of false imprisonment, the same rule applies to false arrest claims. *Id.* Thus, Plaintiff's false arrest claim did not accrue until July 8, 2024, when she was released from custody. *See Shaw v. Sacramento Cnty. Sheriff's Dep't*, 810 F. App'x 553, 554 (9th Cir. 2020) (holding that where plaintiff had been arrested and detained overnight then released, false arrest claim under the Fourth Amendment accrued on the date when she was released from custody rather than on the date of her arrest). Therefore, the Court concludes that this claim is timely.

c. Claim Two

In Claim Two, Plaintiff alleges that excessive force was used against her on July 3, 2024 by Officer Torres and other Doe defendants in violation of the Fourth Amendment. Under the Fourth Amendment, the degree of force used by an officer must be "objectively reasonable" under the circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989). The "reasonableness" of an officer's particular use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight[,]" considering the totality of the

circumstances. *Id.* at 396. Here, the allegations are sufficient to raise a plausible inference that the force used against Plaintiff was not objectively reasonable. However, this claim runs into a problem as to timeliness.

Because a Section 1983 claim accrues "when the plaintiff first learns of the injury giving rise to his claim[,]" "an excessive force claim is typically deemed to have accrued when the allegedly excessive force was used." *Perez v. Cnty. of Riverside*, No. EDCV151287PSGJCG, 2016 WL 715748, at *1 (C.D. Cal. Feb. 18, 2016). Here, the alleged excessive force was used on July 3, 2024 and therefore, the claim accrued on that date. Because Plaintiff filed her complaint more than two years after her excessive force claim accrued, that claim is untimely unless the limitations period was tolled under California law. Yet Plaintiff has not alleged any facts suggesting that the limitations period was tolled. Therefore, the Court finds that this claim is untimely.

d. Claim Three

Claim Three is asserted against Officer Torres and Doe deputies involved in the arrest on July 3, 2024 based on their failure to provide or call for medical attention at the time of Plaintiff's arrest. Construing the complaint liberally, this claim is also asserted against personnel at the Martinez jail and the West County Detention Facility, sued as Doe defendants, who failed to provide medical care while Plaintiff was in custody.

With respect to Officer Torres and the Doe deputies, Plaintiff's claim is a Fourth Amendment Claim that is closely related to her excessive force claim. "[F]or persons who are detained by police in the course of an arrest, the Fourth Amendment's prohibition on the use of excessive force protects against the deprivation of necessary medical care." *D'Braunstein v. Diaz-Durazo*, 131 F.4th 764, 769 (9th Cir. 2025). "[W]hat is required under the Fourth Amendment is 'objectively reasonable post-arrest care,' which means that police officers must 'seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital.' " *Id.* (quoting *Tatum v. City & Cnty. of S.F.,* 441 F.3d 1090, 1098-99 (9th Cir. 2006)). While Plaintiff's allegations are sufficient to plead a violation of her Fourth

Amendment rights, however, the claim is untimely for the same reason her excessive force claim is untimely: the duty to provide reasonable post-arrest care arose at the time of the arrest and the failure of these defendants to provide such care was known to Plaintiff at that time. Thus, this claim accrued on July 3, 2024. Because the arrest occurred more than two years before the complaint was filed and Plaintiff has alleged no other grounds upon which the limitations period might be tolled, the claim is time-barred as to Officer Torres and the Doe deputies involved in her arrest.

As to the Doe defendants who allegedly failed to provide medical care while Plaintiff was in custody, the claim arises under the Fourteenth Amendment rather than the Fourth Amendment. *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002), overruled on other grounds by *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (citations omitted) (where plaintiff has not been convicted of a crime but has only been arrested, the right to receive adequate medical care derives from the due process clause of the Fourteenth Amendment). Under the Fourteenth Amendment, arrestees have a right "to not have officials remain deliberately indifferent to [their] serious medical needs." *Id.* "To establish that the response to an arrestee's medical needs was constitutionally deficient, the arrestee must show: (1) a serious medical need; and (2) deliberate indifference to that need by the officials." *Muhammad v. Cnty. of Riverside*, No. 5:23-CV-01260-VBF-KS, 2025 WL 4648395, at *11 (C.D. Cal. Sept. 15, 2025) (citing *Gibson*, 290 F.3d at 1187; *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). Serious medical need exists where "the failure to treat [the] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *Id.* (citing *McGuckin*, 974 F.2d at 1059-60) (internal citations omitted).

Failure to provide needed medical care is generally considered a continuing tort and therefore, courts apply the continuing violation doctrine to such claims. *Bell v. California Dep't of Corr. & Rehab.*, No. 14-CV-1397-BEN-PCL, 2016 WL 8736865, at *4 (S.D. Cal. Mar. 29, 2016), report and recommendation adopted, No. 14-CV-1397-BEN (PCL), 2016 WL 8737572 (S.D. Cal. Apr. 29, 2016), aff'd sub nom. *Bell v. Glynn*, 696 F. App'x 249 (9th Cir. 2017). Under that doctrine, the claim does not accrue until either the medical attention is provided or defendants no

United States District Court
Northern District of California

longer have a duty to provide medical care. *Id.* ("Under the continuous violation doctrine, the statute of limitations accrues for §§ 1981, 1983, 1985, and 1986, beginning with the end of the period during which Plaintiff was allegedly deprived of medical treatment.").

Here, Plaintiff was in custody until July 8, 2024. Therefore, the Court finds that her claim for failure to provide adequate medical care while she was in custody is timely, even though the claim extends to conduct that occurred outside of the two-year limitation period. Further, although the allegations in the complaint as to the conduct of the Doe defendants who allegedly failed to provide adequate medical care are scant, the Court recognizes that prior to discovery Plaintiff may not be able to identify these individuals and therefore concludes that at this preliminary stage of the case that her allegations are sufficient. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored. However, situations arise, . . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.").

For now, it is sufficient that Plaintiff has alleged that she told personnel at Martinez jail and West County Detention Facility that she was experiencing severe pain and that her shoulder was "popping out" and was not working properly, that she was told she could not see a doctor at the Martinez jail and was given only pain pills, that she was not seen by a doctor for two days after she was transferred to West County Detention Facility despite her requests for medical attention and complaints of severe pain, and that after a doctor said she needed x-rays she was held three more days and never received x-rays or any other treatment before she was released.

Therefore, Claim Three is sufficiently alleged only as to the Doe defendants who allegedly failed to provide adequate medical care while Plaintiff was in custody.

e. Claim Four

Claim Four is based on alleged violation of Plaintiff's substantive due process rights under the Fourteenth Amendment and appears to be based on Defendants' alleged use of excessive force, false arrest and failure to provide medical treatment. For the reasons stated above, the Court finds

that this claim is timely to the extent it is based on theories of false arrest and failure to provide medical treatment while in custody although it appears to be duplicative of Claims One and Three. To the extent the claim is based on the use of excessive force against Plaintiff and failure of Officer Torres and the Doe deputies to provide medical attention after the arrest, the claim is untimely for the reasons stated above.

**2. Bane Act Claim**

Claim Five is asserted under the Bane Act, Cal. Civ. Code § 52.1. The Bane Act punishes any "person or persons, whether or not acting under color of law, [who] interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal Civ. Code § 52.1(a). It also establishes a cause of action for anyone whose rights are harmed in this way. *Id*. § 52.1(b). However, under California's Government Claims Act, a plaintiff suing a public entity or public employee for damages must timely present such claim(s) to a state claims board before seeking relief in court. *Chacon v. Cnty. of San Bernardino*, No. 5:25-CV-01068-MRA-JC, 2026 WL 654442, at *8 (C.D. Cal. Jan. 29, 2026), report and recommendation adopted, No. 5:25-CV-01068-MRA-JC, 2026 WL 641515 (C.D. Cal. Mar. 6, 2026) (citing Cal. Gov't Code §§ 911.2, 950, 950.2, 945.4, 911.2). Here, Plaintiff does not allege in the complaint that she has met this requirement.

The Court further finds that even if Plaintiff has satisfied the claim requirement and can amend to allege as much, her Bane Act claim appears to be based entirely on the alleged excessive force used by Officer Torres and the Doe deputies at the time of Plaintiff's arrest, on July 3, 2024. While the Bane Act does not have its own statute of limitations, courts apply a two-year statute of limitations for claims arising out of common law neglect or personal injury, and a three-year statute of limitations for statutory actions. *Wilson v. City of Oakland*, No. C-11-05377 DMR, 2012 WL 669527, at *3 n. 6 (N.D. Cal. Feb. 29, 2012). Here, Plaintiff's Bane Act claim is based on the injury caused by Defendants' excessive force and therefore a two-year statute of limitations applies. Further, under California law, "ordinarily, the statute of limitations runs from the

occurrence of the last element essential to the cause of action." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1191, (2013) (internal quotation marks omitted). Here, the excessive force that is alleged to have injured Plaintiff occurred on July 3, 2024 and Plaintiff was aware of the injury when it occurred. Therefore, the last element of the claim occurred on July 3, 2024, more than two years before Plaintiff filed her complaint. Thus, in the absence of any allegations that the limitations period was tolled, this claim, like the excessive force claim asserted under § 1983, is time-barred.

**3. County and Municipal Liability**

Plaintiff has named as defendants the City of San Pablo, the City of Hercules and the County of Contra Costa. To the extent that she sues these entities under the Bane Act, her claims are insufficiently pled for the reasons discussed above. Further, Plaintiff's complaint does not assert any claims under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), which establishes county or municipal liability under 42 U.S.C. § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S. at 694. Therefore, as currently pled, Plaintiff's complaint contains no viable claims against the City of San Pablo, the City of Hercules or the County of Contra Costa.

While Plaintiff will be permitted to amend her complaint and the Court does not preclude her from adding one or more *Monell* claims in connection with the alleged constitutional violations that the Court has not found to be untimely, the Court cautions Plaintiff that any such claims will be screened under 28 U.S.C. § 1915 and that conclusory allegations are insufficient. Allegations that a constitutional violation was caused by a custom or practice must be supported by sufficient factual allegations to give rise to a plausible inference that the conduct was pursuant to "a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity[.]" *Menotti v. City of Seattle*, 409 F.3d 1113, 1147, 1151 (9th Cir. 2005). Similarly, to the extent that a *Monell* claim is based on ratification of the allegedly unconstitutional conduct, Plaintiff must allege specific facts raising a plausible inference that the unconstitutional conduct was ratified by an official with final policy-making authority. *Price v.*

*Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

## IV. CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why the Court should not dismiss the following claims: 1) Claim Two (excessive force) as to all defendants because it is untimely; 2) Claim Three (failure to provide adequate medical attention) to the extent it is asserted against Officer Torres and the Doe defendants involved in Plaintiff's arrest because it is untimely; 3) Claim Four (Substantive Due Process) in its entirety, because it is untimely, or as to the theories that are not untimely, it is duplicative of Plaintiff's other claims; 4) Claim Five (Bane Act) in its entirety because there are no allegations that the claim presentment requirement was satisfied and the claim is untimely.

Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why her current complaint is sufficient. Plaintiff's response shall be filed by **October 21, 2026**. If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be partially dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Any amended complaint must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments, which can be conducted remotely or in-person, can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance

United States District Court
Northern District of California

to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: September 21, 2026

JOSEPH C. SPERO
United States Magistrate Judge